IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY J. MADER, | § | |
| (TDCJ-CID #363323) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3807 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Anthony J. Mader, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction at the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), where Mader is currently serving a sentence imposed by a Texas state court. The threshold issue is whether Mader has stated meritorious grounds for federal habeas relief. This court finds that he has not. As a result, this petition is dismissed.[1] The reasons are explained below.

**I.   Background**

On February 11, 2011, prison officials at the Ellis Unit conducted a disciplinary hearing in disciplinary case 20110155860. The hearing officer found Mader guilty of attempting to assault an officer. (Docket Entry No. 4, Petitioner's Memorandum, p. 3). Mader's punishment consisted of

---

[1] A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Committee Notes.

a demotion in good-time earning class status; placement in high-level security; and placement in solitary confinement for 15 days.

On October 27, 2011, this court received Mader's federal petition. Mader contends that his conviction in disciplinary case 20110155860 is void because he was denied due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

**II.   Analysis**

Procedural due process in the prison discipline context is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has held that the Due Process Clause applies to disciplinary proceedings when a prisoner is threatened with a loss of good time or solitary confinement. *Id.* The Court held that inmates must be given: written notice of the claimed violation at least 24 hours before a disciplinary hearing; a written statement of the fact finders as to the evidence relied on and reasons; and the right to call witnesses and present documentary evidence if that would not be unduly hazardous to institutional safety or correctional goals. (*Id.*). The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner,* 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff* about solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff*. *Id.* at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time credit is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of an opportunity to earn good-time credits, on the imposition of commissary and cell restrictions, do not trigger due process rights even when an inmate is eligible for release on mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of accrued good time will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of accrued good time will trigger due process if a prisoner is eligible for release on mandatory supervision and the time to release is extended as a result. *Madison v. Parker,* 104 F.3d at 769.

Mader's punishment consisted of a reduction in good-time earning class status; placement in solitary confinement; and placement in a more restrictive custodial classification. The restrictions on Mader's privileges are changes in the conditions of his confinement, which do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). They are not "the type of atypical, significant deprivation" that would be actionable. *Id.*; *see also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996).

Mader complains that the reduction in his good-time earning class status has delayed his release on parole, creating a due process violation. (Docket Entry No. 4, Petitioner's Memorandum, p. 5). Prisoners may become eligible for release under Texas law on parole or under a mandatory supervised release program. *See Madison,* 104 F.3d at 768. "Parole" is the "discretionary and conditional release of an eligible prisoner . . . [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* "Mandatory supervision" is

the "release of an eligible prisoner . . . so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Id.* The law is clear that Mader has no constitutional right to release parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995); *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991); *Madison,* 104 F.3d at 768 (citing TEX. CODE CRIM. P. ANN. art. 42.18, § 8(a)). Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana,* 65 F.3d at 32). Mader's argument that he is entitled to be considered for release on parole at a particular time fails. Mader's federal petition does not present grounds warranting habeas relief.

**III.     Conclusion**

Mader's challenges to his disciplinary conviction lack merit. This case is dismissed. Mader's motion for leave to proceed as a pauper, (Docket Entry No. 3), is granted. Mader's motion to suspend court rules concerning copies, (Docket Entry No. 5), is denied as moot. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.  *Slack,* 529 U.S. 484.  This court will not issue a Certificate of Appealability because Mader has not made the necessary showing.

        SIGNED on November 10, 2011, at Houston, Texas.

                                                       Lee H. Rosenthal
                                         United States District Judge